# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

**Fill in this information to identify your case:**

Debtor 1: ALEXANDIA TEAGUE
Name: First Middle Last

Debtor 2: _____
(Spouse, if filing) Name: First Middle Last

Case number: _____
(If known)

Check if this is an amended plan ☐
Amends plan dated: _____

# Chapter 13 Plan

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☐ The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.

☐ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase money security interest, as set out in Part 3, § 3.4.

☐ The plan sets out nonstandard provision(s) in Part 9.

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**

$ 28.00 per week for 36 months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

**2.2 Regular payments to the trustee will be made from future income in the following manner** (check all that apply):

☑ Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to:

Mollertech USA LLC - 208 Scott G. Davis Parkway Woodstock, AL 35188

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment) _____

**2.3 Income tax refunds and return.** *Check one.*

- [x] Debtor(s) will retain any income tax refunds received during the plan term.
- [ ] Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.
- [ ] Debtor(s) will treat income tax refunds as follows:
- [ ] Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

**2.4 Additional Payment.** *Check all that apply.*

- [x] **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5 Adequate Protection Payments.**

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of defaults, if any, on long-term secured debts.** *Check one.*

- [x] **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2 Request for valuation of security, claim modification, and hearing on valuation.** *Check one.*

- [x] **None**. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Secured claims excluded from 11 U.S.C. § 506 and fully secured claims.** *Check one.*

- [x] **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Section 522(f) judicial lien and nonpossessory, nonpurchase money ("Non-PPM") security interest avoidance.** *Check all that apply.*

- [x] **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of collateral.** *Check one.*

- [x] **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4: Treatment of Fees and Priority Claims

**4.1 General.**

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

**4.2 Chapter 13 case filing fee.** *Check one.*

- [x] Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.
- [ ] Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

Debtor(s): ALEXANDIA TEAGUE     Case number: _____     Eff (01/01/2019)

### 4.3 Attorney's fees.

The total fee requested by Debtor(s)' attorney is $ 2,500.00. The amount of the attorney fee paid prepetition is $ 0.00.

The balance of the fee owed to Debtor(s)' attorney is $ 2,500.00, payable as follows (*check one*):

☐ $ _____ at confirmation and $ _____ per month thereafter until paid in full, or

☑ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

### 4.4 Priority claims other than attorney's fees and domestic support obligations. *Check one.*

☐ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☑ The other priority claims are listed below. Unless otherwise ordered, the amount of the creditor's priority claim listed on the proof of claim or amended proof of claim controls over any contrary amount listed below.

| Name of Creditor | Estimated Amount of Claim to be Paid | Monthly Fixed Payment, if any, to Creditor | Monthly Fixed Payment, if any, to Begin |
|---|---|---|---|
| Internal Revenue Service | $ 100.00 | $ | |
| State of AL Dept. of Revenue | $ 100.00 | $ | |

### 4.5 Domestic support obligations. *Check one.*

☐ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

☑ Each of the allowed priority claim(s) listed below is based on a domestic support obligation that is owed to a domestic support obligation claimant (e.g., a former spouse or custodial parent) or based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid in full. Unless otherwise ordered, the amount of the creditor's priority claim listed on the proof of claim or amended proof of claim controls over any contrary amount listed below.

☐ One or more of the allowed priority claim(s) listed below is based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C. § 1322(a)(4). This plan provision requires that payments in § 2.1 be for a term of 60 months. See 11 U.S.C. § 1322(a)(4). Unless otherwise ordered, the amount of the creditor's priority claim listed on the proof of claim or amended proof of claim controls over any contrary amount listed below.

| Name of Creditor | Estimated Amount of Claim to be Paid | Will Claim be Paid in Full? | Monthly Fixed Payment, if any, to Creditor | Monthly Fixed Payment, if any, to Begin |
|---|---|---|---|---|
| State of AL DHR | $ 1,000.00 | ☑ Yes ☐ No | $ | |

## Part 5: Treatment of Nonpriority Unsecured Claims

### 5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

### 5.2 Percentage, Base, or Pot Plan. *Check one.*

☐ 100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.

☐ Percentage Plan. This plan proposes to pay _____ % of each allowed nonpriority unsecured claim.

☑ Pot Plan. This plan proposes to pay $ 500, distributed pro rata to holders of allowed nonpriority unsecured claims.

☐ Base Plan. This plan proposes to pay $ _____ to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan.

**5.3 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

☑ **None**. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**5.4 Maintenance of payments and cure of any default on long-term nonpriority unsecured claims.** *Check one.*

☑ **None**. *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

**5.5 Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None**. *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured.** *Check one.*

☑ **None**. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**6.2 The executory contracts and unexpired leases listed below are rejected.** *Check one.*

☑ **None**. *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

## Part 7: Sequence of Payments

**7.1** Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.

## Part 8: Vesting of Property of Estate

**8.1 Property of the estate will vest in Debtor(s)** (check one):

☑ Upon plan confirmation.

☐ Upon entry of Discharge.

## Part 9: Nonstandard Plan Provisions

☑ **None**. *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

Debtor(s): ALEXANDIA TEAGUE           Case number: _____           Eff (01/01/2019)

## Part 10: Signatures

**Signature(s) of Debtor(s)** (*required*)**:**

✗  /s/ Alexandia Teague                           Date   March 12, 2021

✗  _____                Date   _____


**Signature of Attorney for Debtor(s):**   ✗  /s/ Kathryn L. Bettis           Date   March 12, 2021

Name/Address/Telephone/Attorney for Debtor(s):

Kathryn L. Bettis
Bettis & Associates, LLC
1320 22nd Avenue
Tuscaloosa, AL 35401
205-553-3200
notices@bettisllc.com


**By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.**